JACKSON, *ex dem.* MERRITT AND WIFE, *against* WILSON.

Where A. he-in entitled, as representativ- to B., to a lot of military bo nty land, th patent for which had not been issued, m de his will, and after de-vising his es-tate to his wife and two daughters, de-vised as fol lo s: *as there is me expecta tin of some-thing coming to me of my bro-ther B.'s estate, which is not comprehended in he above, I give it unto my brother C. for ever,* it was held, that this devise applied to the interest in expectancy of A. in the military boun-ty land, and was not in-cluded in the devise to his wife and daughters.

THIS was an action of *ejectment* brought to recover a part of an unimproved lot of land, situate in the town of *Cincinnatus,* in the county of *Courtlandt;* the cause being at issue, the fol-lowing case was agreed to by the parties, and submitted to the court, without argument.

*Isaac Sherwood* was a lieutenant in the second *New-York* re-giment, and died intestate, in the year 1777, leaving *Job Sher-wood,* his father, *Samuel Sherwood,* his eldest brother, *Job Sher-wood,* Jun., his youngest brother, and four sisters, his next of kin. A patent was granted to *Isaac Sherwood,* and his heirs and assigns, for the lot in question, on the 30th of *September,* 1790. *Samuel Sherwood* died in 1786, having, by his last will and testament, dated *May* 19th, 1786, devised one third of his estate to his wife, and the other two thirds to his daughters *Rachel* and *Sarah;* and if either of them should die before she came of age, to the survivor. The will, after the last mentioned bequests, contained the following : " I give unto my brother, *Job Sherwood,* all my wearing apparel: and as there is some expectation of something coming to me of my brother *Isaac's,* deceased, estate, which is not comprehended in the above, I give it unto my said brother, *Job Sherwood,* for ever." *Isaac Sherwood* left other property beside his military lands. *Job Sherwood,* Jun., claimed the land in question, either under the will of his father, or as devisee under the will of *Samuel Sherwood,* and sold it to *Jasper Crosby,* on whose ap-plication letters patent were issued, and the defendant held under *Crosby. Samuel Sherwood* never filed any claim for the land, nor took any steps to obtain letters patent for the same during his life. *Rachel,* one of the lessors of the plaintiff, was the daugher of the said *Samuel Sherwood. Sarah,* the other daughter, died in her infancy. The lessors of the plaintiff

claimed two thirds of the lot in question, in right of *Rachel*, under the will of *Samuel Sherwood.*

SPENCER, J., delivered the opinion of the court.

The intention of *Samuel Sherwood* to devise the premises in question to his brother, *Job Sherwood*, it appears to me, is quite plain and manifest. After devising one third of his estate to his wife, and the residue to his daughters, the will proceeds: " I give unto my brother, *Job Sherwood*, all my wearing apparel: and as there is some expectation of something coming to me of my brother *Isaac's*, deceased, estate, which is not comprehended in the above, I give it unto my said brother, *Job Sherwood*, for ever."

The case furnishes full evidence, that the devisor had taken no measures relative to the lot in question; and it is a fact which we have a right to notice, that, in 1786, no lands had been granted for military services; the legislature had, by resolution, declared their intention to make grants, and had passed one or more statutes to carry that resolution into effect; but the devisor did not, and could not, know where those lands were situate: he was correct, therefore, in calling it an expectation of something coming to him from his brother *Isaac's* estate; and I am entirely satisfied that it related to his military bounty lands. He explicitly declares that the estate he expected to derive from *Isaac* was not comprehended in his devise to his wife and daughters, and he gives it by words, which, in the construction of wills, carry a fee to his brother *Job.*

If, however, the lot did not pass to *Job*, by this devise, it is sufficient to defeat the claim of the lessors, that it was not devised to his daughters; for by the act of the 5th of *April*, 1803, (revised in 1st *R. L.* 305.) this military lot went to the father of *Isaac Sherwood*, unless it passed by the will of *Samuel*; therefore, in every view of the case, the lessors of the plaintiffs have no title to the premises.

Judgment for defendant.